UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN FALLS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JAMES A. YATES,<br><br>　　　　　Respondent. | 1:08-CV-01729 OWW SMS HC<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR RECONSIDERATION<br>[Doc. #39]<br><br>ORDER REFERRING MATTER BACK TO<br>MAGISTRATE JUDGE |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On February 19, 2010, the Magistrate Judge denied Petitioner's eighth motion for extension of time to file a traverse to Respondent's answer. The Magistrate Judge had forewarned Petitioner that the seventh extension of time would be the final extension, absent extraordinary circumstances. The Magistrate Judge determined that Petitioner did not demonstrate extraordinary circumstances such that another extension was merited.

　　　　On March 1, 2010, Petitioner filed the instant motion for reconsideration of the Magistrate Judge's order. Petitioner claims he has demonstrated extraordinary circumstances to merit another extension and requests that the Magistrate Judge's order be modified to grant a further extension. Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court may grant reconsideration "where it has

been shown that the magistrate judge's order is clearly erroneous or contrary to law."

The undersigned has reviewed the order of the Magistrate Judge and does not find the order to be clearly erroneous or contrary to law. Respondent filed an answer nearly one year ago on March 19, 2009, and the Court has been awaiting Petitioner's traverse since then. Petitioner concedes he has had multiple opportunities each and every month since that time to access the law library and research his case. In fact, in his attempt to demonstrate extraordinary circumstances for his eighth extension, Petitioner admits he visited the law library on ten occasions in the previous thirty days. Such limited access is a typical condition of prison confinement; it is clearly not extraordinary. "The ability to prepare and file a habeas petition on time is not dependent on unlimited access to the law library. It generally suffices to have access to one's legal materials (which most prisoners keep in their cells) and some degree of access to a law library or 'paging system.'" Hebner v. McGrath, 2001 WL 764474 (N.D.Cal.2001), *rev'd on other grounds*, 60 Fed. Appx. 691 (9th Cir.2003). Therefore, Petitioner fails to demonstrate that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

Accordingly, Petitioner's Motion for Reconsideration is DENIED. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   March 12, 2010**               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE